Case 3:21-cv-00241-M   Document 1-2   Filed 02/03/21   Page 1 of 9   PageID 8

FILED
12/31/2020 11:34 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Cause No. **CC-20-05636-B**

| | | |
|---|---|---|
| **FELIX ANDRE FLORES** | § | IN THE DALLAS COUNTY |
|     Plaintiff, | § | |
| | § | |
| v. | § | COURT AT LAW |
| | § | |
| **ALBERT F. GEISER** | § | |
| | § | |
| AND | § | |
| **WALGREENS BOOTS ALLIANCE INC.** | § | DALLAS COUNTY, TEXAS |
| | § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff FELIX ANDRE FLORES now complains about Defendant ALBERT F. GEISER, WALGREENS BOOTS ALLIANCE, INC. and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL II

1. Discovery in this case is intended to be conducted under Discovery Level II, subject to the expedited rules of Civil Discovery and pursuant to Texas Rule of Civil Procedure 190.3.

### PARTIES AND SERVICE

2. Plaintiff Felix Andre Flores is an individual whose address is 2122 Leander Drive, Dallas, Texas 75211. The last three digits of Plaintiff's driver's license number are 805, and the last three digits of Plaintiff's social security number are 421.

3. Defendant Albert Geiser is an individual who resides in Illinois and may be served with process at his home at the following address: 1500 Greenview Avenue Chicago, Illinois. Service of Defendant may be accomplished by personal delivery.

<span style="color:red">Exhibit 1A</span>

1 | P a g e

4.      Defendant Walgreens Boots Alliance, Inc. is a holding company that owns Walgreens and does business in Texas and can be served through its registered agent Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL.  62703

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.  This Court has jurisdiction over the parties because of the location of occurrence.

6.      Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County.

7.      Plaintiff seeks monetary relief of over $50,000.00 but less than $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment and post-judgment interest, and other damages to which Plaintiff may be entitled.

## FACTS

8.      On or about January 9, 2019, at approximately 3:03 p.m., Plaintiff and Defendant were traveling southbound on the Dallas North Tollway in the right lane.  The Plaintiff stopped due to congestion.  The Defendant failed to control his speed and collided into the Plaintiff, causing property damages and severe injuries.  The defendant was issued a citation at the scene for failure to control his speed.

Defendant Geiser is employed by Walgreens and he was on a business trip for Walgreens, Walgreens Boots Alliance is the Holding Company for Walgreens.

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT

9. Defendant had a duty to exercise the degree of care that reasonably careful persons would use to avoid harm to others under circumstances similar to those described herein.

10. The negligent, careless and reckless disregard of duty by Defendant consisted of, but is not limited to, the following acts and omissions:

    A. Failing to keep a proper lookout for Plaintiff's safety;

    B. Failing to turn the motor vehicle in an effort to avoid the collision complained of;

    C. Failing to apply the brakes to his motor vehicle;

    D. Failing to exercise ordinary care as a reasonably prudent person under the same or similar circumstances;

    E. Failing to keep his vehicle under control; and

    F. Driver inattention.

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT WALGREENS BOOTS ALLIANCE, INC., WALGREENS

11. Defendant Geiser was acting under the scope and course of his employment with Defendant Walgreens Boots Alliance, Inc., Walgreens when he committed his negligent actions. Plaintiff would show that Defendant Walgreens Boots Alliance, Inc., Walgreens employed Defendant Geiser to act in furtherance of its business, and at all relevant times, exercised control over the manner and method of Defendant Geiser's actions.

14. Further, and in the alternative, Defendant Walgreens owed a duty of care to Plaintiff to ensure that Defendant Geiser was competent to perform his duties in a safe manner. Defendant Walgreens was negligent in failing to train or supervise Defendant Geiser to minimize the risk of Defendant Geiser's negligent driving described above. Such negligence was a

proximate cause of the collision herein. Defendant's breaches caused Plaintiff's injuries described below.

12. Each of the preceding acts or omissions of Defendant, whether taken separately or together, was a proximate cause of this collision and thus, the injuries and damages sustained by Plaintiff as a result thereof.

13. Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A Transportation Code §§ 545.151 and 545.401, pursuant to the Negligence Per Se Doctrine which mandates:

> **Section 545.151. Vehicle Approaching or Entering Intersection** (a) An operator approaching an intersection: (1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway. . . (f) An operator who is required by this section to stop and yield the right-of-way at an intersection to another vehicle and who is involved in a collision or interferes with other traffic at the intersection to whom the right-of-way is to be given is presumed not to have yielded the right-of-way.
>
> **Section 545.401. Reckless Driving; Offense.** (a) A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

## DAMAGES FOR PLAINTIFF

14. As a direct and proximate result of Defendant's negligence in the occurrence made the basis of this lawsuit, Plaintiff suffered and incurred the following damages:

> A. Reasonable medical care and expenses in the past $54,410.00. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County;

    B.    Medical expenses in the future; $10,000.00

    C.    Physical pain and suffering in the past; $10,000.00

    D.    Physical pain and suffering in the future; $7,500.00

    E.    Mental anguish in the past; $10,000.00

    F.    Mental anguish in the future; $7,500.00 and

    G.    Other damages to which Plaintiff may be entitled.

15. Thus, Plaintiff has been damaged and will be damaged in the future in a sum in excess of the minimum jurisdictional limits of this Court.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,
Chad West, PLLC

*[signature]*

                                                                      _____
TBN: 24097391
3606 S. Tyler Street
Dallas, TX  75224
Tel (214) 509-7555
Fax (469) 718-5887
chad@chadwestlaw.com

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

     I certify that on _____ a true and correct copy of Plaintiff's Original Petition and Request for Discovery will be served on Defendant via a Civil Process Server.

_____
Chad West

Cause No._____

| | | |
|---|---|---|
| FELIX ANDRE FLORES<br> Plaintiff, | §<br>§<br>§ | IN THE DALLAS COUNTY |
| v. | §<br>§<br>§ | COURT AT LAW |
| ALBERT F. GEISER | §<br>§ | |
| AND<br>WALGREENS BOOTS ALLIANCE INC.<br>Defendants | §<br>§<br>§ | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT**

To:   Albert Geiser, 1500 Greenview Avenue, Chicago, IL.  60622 AND Walgreens Boots Alliance, INC.

  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant Albert Geiser and Walgreens Boots Alliance, INC. disclose the information or material required by Rule 194.2(a)-(l) within fifty (50) days of service of this Request. Respectfully submitted,

            Chad West, PLLC

            */s/ Chad West*
            _____
            TBN: 24097391
            3606 S. Tyler Street
            Dallas, TX  75224
            Tel (214) 509-7555
            Fax (469) 718-5887
            chad@chadwestlaw.com

            ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Plaintiff's Request for Disclosure to Defendant has been attached to Plaintiff's Original Petition to accompany the citation at the time of Service on Defendant.

_____
Chad A. West

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chad West on behalf of Chad West
Bar No. 24049083
chad@chadwestlaw.com
Envelope ID: 49332616
Status as of 12/31/2020 12:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad West | | chad@chadwestlaw.com | 12/31/2020 11:34:35 AM | SENT |
| LISA KIRBY | | lisa@chadwestlaw.com | 12/31/2020 11:34:35 AM | SENT |